STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALFRED H. FISCHER, PLAINTIFF IN ERROR.

Submitted December 1, 1921—Decided March 28, 1922.

1. If a request, in so far as it embodies any pertinent legal principle, has been charged, in substance, the court is not bound to repeat it in the language requested.

2. By virtue of chapter 349 of laws of 1921 (*Pamph. L.*, p. 951), where the plaintiff in error brings up the entire record with his writ of error as provided in the Criminal Procedure act, and assigns as error that the verdict was against the weight of evidence, if it shall appear to the appellate court from a consideration of the entire evidence that such verdict was against the weight of the evidence, the court will reverse such verdict and award a new trial; but if from such consideration it appears that such verdict was not against the weight of the evidence, the court will not go further and consider an assignment that it does not appear from the evidence that the defendant was guilty beyond a reasonable doubt.

On writ of error.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the plaintiff in error, *J. Randolph Woodruff.*

For the defendant in error, *J. Henry Harrison,* prosecutor of the pleas, and *Wilbur A. Mott,* assistant prosecutor.

The opinion of the court was delivered by

TRENCHARD, J. The defendant below, a Newark policeman, was convicted in the Essex Quarter Sessions, of atrocious assault and battery on one James F. Harrigan. He brings up the entire record cf the proceedings had upon the trial, and assigns error on his bill of exceptions, and also specifies causes for reversal under sections 136 and 137 of the Criminal Procedure act.

We are of the opinion that no sufficient reason for reversal is presented.

It is contended that the trial judge erred in refusing the defendant's request to charge. Not so. The request, in so far as it embodied any pertinent legal principle, had been charged in substance, and the judge was not bound to repeat it in the language requested. *Pavan* v. *Worthen & Aldrick Co.,* 80 N. J. L. 567; *affirmed,* 82 *Id.* 615.

The defendant also assigns as error that the verdict was against the weight of evidence, and that it does not appear from the testimony that the defendant was guilty beyond a reasonable doubt. ·

By virtue of chapter 349 of laws of 1921, page 951, where, as here, the plaintiff in error brings up the entire record with his writ of error as provided in the Criminal Procedure act, and assigns as error that the verdict was against the weight of evidence, if it shall appear to the appellate court from a consideration of the entire evidence that such verdict was against the weight of the evidence, the court will reverse such verdict and award a new trial; but if from such consid-

eration it appears that such verdict was not against the weight of the evidence, the court will not go further and consider an assignment that it does not appear from the evidence that the defendant was guilty beyond a reasonable doubt. The reason is this: Prior to the taking effect of chapter 349 of laws of 1921, where a case came up for review on error on a strict bill of exceptions or under section 136 of the Criminal Procedure act, or by both methods, the court would not review the evidence as to its weight, or whether it justified the verdict, or whether it would leave a reasonable doubt as to the defendant's guilt (*State* v. *Schlosser*, 85 *N. J. L.* 165; *affirmed*, 86 *Id.* 374); and the effect of the statute of 1921 is to enable the plaintiff in error, when he brings up the entire record, to assign as error that the verdict was against the weight of evidence, and to empower and require the court, "if it shall appear from a consideration of the entire evidence that such verdict was against the weight of the evidence," to "remedy such wrong by reversing such verdict and awarding a new trial." It does not require or empower the court, upon finding that the verdict was not against the weight of the evidence, to go further and consider whether the evidence left a reasonable doubt of the defendant's guilt. See *State* v. *Morehouse, post p.* 285.

Now in the present case our consideration of the entire evidence has led us to the conclusion that the verdict was not against the weight of the evidence.

The foregoing observations in effect dispose of every point raised and argued.

The result is that the judgment below will be affirmed.