## STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN LEVY, PLAINTIFF IN ERROR.

Submitted November 6, 1924—Decided February 2, 1925.

**Crimes—Sale of Liquor—Evidence—Court Will Not Reverse on Ground That Evidence Did Not Show Guilt Beyond Reasonable Doubt—Nothing to Show Verdict Was Against Weight of Evidence.**

On writ of error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Kraemer & Siegler*.

For the defendant in error, *John O. Bigelow*.

PER CURIAM.

The defendant was indicted for illegal sale of liquor and for illegal possession of liquor. There was a general verdict of guilty.

The first point made is that the verdict was against the weight of evidence. This point seems to be argued on the theory that the court ought to reverse if it finds that the evidence does not show the defendant guilty beyond a reasonable doubt. But this is not the rule. *State v. Fischer*, 117 *Atl. Rep.* 519; 118 *Id.* 927. The state produced testimony to show that the defendant sold whiskey and the defendant produced testimony to show that he did not. There was a clear jury question in the case, and there was nothing at all in the evidence to lead us to the view that the verdict was against the weight of evidence.

The only other point is that the charge is erroneous. The only cause for reversal filed in this regard is that "the charge

of the court to the jury is erroneous." This specified nothing, and is, of course, futile. Were it legally sufficient, the attack on the charge must fail because all that is alleged is that the charge omits certain matters with respect to which there were no requests.

It is suggested that there is nothing in the verdict to indicate on what count the conviction rests. The answer to this is that a general verdict applies to all the counts.

The judgment is affirmed.